IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF MALVINA M. SEABRA, DECEASED.

*Practice — appointment of a guardian for an infant in a Surrogate's Court — no notice is required if the infant be present and consent.*

APPEAL from a decree of the Surrogate's Court of Oswego county admitting .to probate the last will and testament of Malvina M. Seabra, deceased.

Upon the hearing of the application for the probate of the will one of the attorneys asked for the appointment of a guardian *ad litem* for one Herbert S. Dean, an infant heir-at-law of Van Rensselaer Dean, deceased, said Van Rensselaer Dean having been an heir-at-law and legatee under the will of the deceased. The contestant objected on the ground that no notice of such an application had been given

either to said infant or to the contestant, and that no papers or affidavits upon which to base said motion had been served. The objections were overruled and the county clerk of Oswego county was appointed guardian *ad litem* for the said infant, who was at that time in court. Upon appeal it was objected by the contestant that the guardian could only be appointed pursuant to a notice or order to show cause personally served upon him.

The court at General Term said : " Prior to proving the will a guardian *ad litem* was appointed for Herbert Dean, an infant, who was present in court when said appointment was made. The guardian duly consented to act, and appeared for the infant. There was no necessity for the service of a notice or citation upon the infant when he was so personally present and did not by himself or others object. There is nothing to show any irregularity in the appointment of the guardian or to create a doubt of jurisdiction over the infant by reason of the time or manner in which his guardian was sppointed." * * *

*Frank E. Randall*, for contestant, appellant.

*William A. Poucher*, for respondent Alanson Dean.

*S. C. Huntington & Son*, for proponents and all other respondents.

Opinion by BOARDMAN, J.; HARDIN, P. J., concurred; FOLLETT, J., not voting.

Decree and orders of the surrogate of Oswego county affirmed, with costs to the respondents against the appellants personally.